UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONEY ANTHONY WHITE III, | Case No.: 2:22-cv-01971-APG-EJY |
| Plaintiff, | **Order to Show Cause** |
| v. | |
| HDSP DENTAL DEPARTMENT, *et al.*, | |
| Defendants. | |

I previously dismissed this case based upon the parties' settlement agreement. ECF No. 18. Plaintiff Toney White III now contends that the defendants have not satisfied all of their obligations under the settlement, and that they subsequently took his property away from him after the fact in connection with a murder investigation. So White moves to vacate my order of dismissal and reopen this case. ECF Nos. 19, 22. The defendants respond that I have no authority to grant the motions because when I dismissed the case I did not retain jurisdiction. ECF No. 23 at 2-3. However, White argues I can reopen the case under Federal Rule of Civil Procedure 60(b)(3) because dismissal was entered due to the defendants' fraud, misrepresentation, and misconduct. ECF No. 24 at 7. Because I have questions whether the defendants properly filed the stipulation to dismiss, I will order the defendants to provide additional information.

Under the settlement agreement, the defendants were to, among other things, forgive some of White's debt, schedule a dental exam for him, and give him various items of property, including a light bulb and an unspecified number of "trimmers." ECF No. 20-1 at 2. White pre-signed the stipulation to dismiss, and the defendants were not to file it until they had satisfied the

terms of the settlement. *Id.* at 3.  The stipulation to dismiss was filed on August 23, 2023 and I granted it the next day. ECF Nos. 17, 18.  White contends that was premature because his debt was not forgiven until five days later, and his dental appointment did not occur until eight days later. ECF No. 24 at 5.  Those brief delays are not material, and White points to no prejudice caused by them.  More concerning, however, is White's allegation that he still has not received all of the property called for under the settlement, specifically, the light bulb and trimmers. *Id.* at 7-8.  Thus, he contends, the defendants' premature filing of the stipulation to dismiss justifies reopening the case under Rule 60(b) because it was a false statement to the court that the settlement tasks had been completed.

I agree with the defendants that I lack authority to resolve disputes about the settlement agreement because I did not retain jurisdiction when I dismissed the case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994) ("No case of ours asserts, nor do we think the concept of limited federal jurisdiction permits us to assert, ancillary jurisdiction over any agreement that has as part of its consideration the dismissal of a case before a federal court."). *Cf. Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999) ("[O]nce a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal.").

However, Rule 60(b)(3) authorizes me to reopen the case if the defendants engaged in fraud, misrepresentation, or misconduct.  The defendants submitted a declaration of Benjamin Estill swearing under oath that the bulb and trimmers were delivered to White. ECF No. 20-6 at 2-3.  White contends Estill's declaration is "patently false" but offers no evidence to support that. ECF No. 24 at 8.  Although Estill's declaration is sworn under the penalty of perjury, it seems apparent that the defendants breached the settlement agreement in part by filing the stipulation to

dismiss before they completed the tasks required under that agreement. At a minimum, they had not yet cleared White's debt, provided him a dental appointment, or given him all of the required items. Thus, it is plausible that Estill's declaration is incorrect or incomplete.

As mentioned above, the short delays in clearing the debt and providing the dental appointment are not material. If the defendants have proof that White received the trimmers and light bulb (e.g., a signed receipt or property transfer record), I likely will find any such delay similarly immaterial.[1] If no such proof exists other than Estill's declaration, the defendants should explain why. If those items have not been given to White yet, the defendants should do so now, submit proof of that, and explain why there was a delay. In that event, I likely would not set aside the dismissal as the settlement agreement would have been satisfied in all material respects. Of course, I will give White the chance to explain why he still thinks the case should be reopened.

White also seeks to vacate the judgment because, a few days after the settlement, he was investigated in connection with a murder at the prison and the defendants' agents "divested [him] of all property components of the" settlement agreement. ECF No. 24 at 8-9. He contends this shows the defendants were retaliating against him and defrauding him after the fact. *Id.* at 10-11. White's allegations are mostly implausible. When negotiating the settlement, the defendants could not have foreseen that White would be involved in a later murder investigation. And even after the murder and during the investigation, the defendants still complied with the settlement agreement by taking White to his dental appointment. *Compare* ECF No. 17 (stipulation to dismiss filed August 23, 2023), *with* ECF No. 22 at 2 (murder and investigation occurred August

---

[1] Estill's declaration refers to an attached "original property settlement," but no document is attached. ECF No. 20-6 at 2. Based on the context of the declaration it is unclear if this refers to the settlement agreement, or a different property transfer receipt.

28), *and* ECF No. 24 at 5 (dental exam occurred eight days after stipulation filed)).  If the murder investigation was a ruse to retaliate and avoid complying with the settlement terms, the defendants would not have continued to perform while the investigation was ongoing.  Regardless, these allegations are irrelevant.  Even if true, and even if retaliatory, events that occurred after the dismissal of this case must be addressed in a separate proceeding and do not affect the finality of this case.  And White must pursue his administrative remedies through the Nevada Department of Corrections before filing a lawsuit.  I will not grant White's motions on that basis.

      I THEREFORE ORDER the defendants to show cause why the dismissal of this case should not be set aside and the case reopened.  Specifically, the defendants are to file proof that White received the trimmers and light bulb.  If no such proof exists other than Estill's declaration, the defendants should explain why.  If those items have not been transferred yet, the defendants should do so now, submit proof of that, and explain why there was a delay.  The defendants must file their response to this order by November 28, 2023.  White may file a reply to the defendants' response by December 12, 2023.

      Dated: November 6, 2023

_____
U.S. District Judge